IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **KENNETH A. THOMAS MD, LLC**, a Connecticut limited liability company, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**SOLID ROCK ROOFING LLC**, a Connecticut company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Kenneth A. Thomas MD, LLC ("Thomas" or "Plaintiff") brings this Class Action Complaint against Defendant Solid Rock Roofing LLC ("Defendant" or "CT Roofing"), to stop the Defendant's practices of sending unauthorized and unwanted fax advertisements, and to obtain redress and recover damages for all persons and entities similarly injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

**NATURE OF THE ACTION**

1. This case challenges Defendant CT Roofing's practice of sending

1

unsolicited advertisement material using fax messages to doctors' offices.

2. As such, Defendant's fax advertisements violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and caused Plaintiff and putative members of the Class to suffer actual harm, including the aggravation and nuisance of receiving such faxes, the loss of use of their fax machines during the receipt of such faxes, and increased labor expenses.

3. Accordingly, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized fax-based marketing activities, as well as an award of actual and statutory damages, along with costs and reasonable attorneys' fees.

**PARTIES**

4. Plaintiff Kenneth A. Thomas MD, LLC is a Connecticut limited liability company with its principal place of business in Stratford, Connecticut.

5. Defendant CT Roofing is a Connecticut limited liability company with its principal place of business in West Haven, Connecticut. Defendant CT Roofing conducts business throughout this District.

**JURISDICTION & VENUE**

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

7. This Court has personal jurisdiction over the Defendant because the

Defendant is located in this District and does business from this District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because the Plaintiff and Defendant are both located in this District.

## COMMON ALLEGATIONS

9. Solid Rock Roofing LLC operates using its own name as well as the name CT Roofing.

10. Upon information and belief, Solid Rock Roofing LLC uses the name CT Roofing to avoid liability for its unlawful telemarketing activities.

11. Solid Rock Roofing LLC and CT Roofing both share the same corporate address and phone number:

**CT Roofing:**



---

[1] https://www.yelp.com/biz/ct-roofing-west-haven



**Ct Roofing**
West Haven, CT
⭐ 4.2 (15)

📍 445 Front Ave, West Haven, CT, 06516
📱 14147378844

CHECK DETAILS

**Michael Passeri says,** "*From my dealing with ct roofing of west haven I think they are a terrible company period.*"  [2]

## Solid Rock Roofing LLC:

### About Solid Rock Roofing LLC

Solid Rock Roofing LLC is a roofing contractor located in West Haven, CT. Read reviews, get an instant estimate, and compare with nearby competitors to make it easy to hire the right pros.

📍 445 Front Ave, West Haven, CT, 06516

📞 +1 (414) 737-8844

🖱 Visit Website  [3]



**Solid Rock Roofing LLC**
West Haven, CT
⭐ 1.0 (1)

📍 445 Front Ave, West Haven, CT, 06516
📱 14147378844

CHECK DETAILS

**Del Harvey says,** "*These guys re-roofed our home and garage a year ago. Went into attic first time in a while and noticed the roof was leaking around the chimney. Called the owner who claimed to have...*" Read More  [4]

---

[2] https://roofingloc.com/roof-repair/connecticut/west-haven
[3] https://ecohome.co/business/solid-rock-roofing-llc
[4] https://roofingloc.com/roof-repair/connecticut/west-haven

4

12. Defendant CT Roofing provides roofing services throughout Connecticut and surrounding areas.

13. The fax advertisements that CT Roofing sends out are solicitations as consumers would pay for their advertised services.

```
ROOF LEAK SPECIAL
THIS WEEKEND ONLY!
Any 1 Leak Just $349
1 Year Warranty!
Special Ends On 6-21-21
```

14. Accordingly, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized fax-based marketing activities, as well as an award of actual and statutory damages, along with costs and reasonable attorneys' fees.

## PLAINTIFF THOMAS' ALLEGATIONS

15. On March 24, 2021 at 12:42 PM, Defendant CT Roofing sent a fax advertisement to Plaintiff Thomas's fax machine. (A true and accurate copy of the fax advertisement is attached hereto as Exhibit A).

16. The fax advertisement asks Plaintiff Thomas to call 203-691-0848.

17. 203-691-0848 is registered to CT Roofing:

[5]

18. On May 5, 2021 at 5:27 PM, Defendant CT Roofing sent a 2nd fax advertisement to Plaintiff Thomas's fax machine. (A true and accurate copy of the fax advertisement is attached hereto as Exhibit B).

19. This fax advertisement uses the name Connecticut Roofing Services, but the phone number is 203-691-0848.

20. In June of 2021, Defendant CT Roofing sent a 3rd fax advertisement to Plaintiff Thomas's fax machine. (A true and accurate copy of the fax advertisement is attached hereto as Exhibit C).

21. On August 16, 2021 at 2:36 PM, Defendant CT Roofing sent a 4th fax advertisement to Plaintiff Thomas's fax machine. (A true and accurate copy of the fax advertisement is attached hereto as Exhibit D).

22. On September 2, 2021 at 5:29 PM, Defendant CT Roofing sent a 5th fax advertisement to Plaintiff Thomas's fax machine. (A true and accurate copy of the fax advertisement is attached hereto as Exhibit E).

23. On January 4, 2022 at 8:26 PM, Defendant CT Roofing sent a 5th fax

---

[5] https://www.whitepages.com/phone/1-203-691-0848

advertisement to Plaintiff Thomas's fax machine. (A true and accurate copy of the fax advertisement is attached hereto as Exhibit F).

24. All of the fax advertisements promoted roofing services, asking Plaintiff to call 203-691-0848 to receive a quote.

25. Plaintiff did not provide permission to Defendant to send it fax advertisements, or faxes at all.

26. Plaintiff has never been a customer of Defendant, nor has it ever been interested in being a customer of Defendant.

27. The fax occupied Plaintiff's fax line, making it unavailable for legitimate communications.

28. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were subjected to annoying and harassing faxes that constituted a nuisance, and their fax lines were rendered unavailable for lawful communications.

## CLASS ACTION ALLEGATIONS

29. **Class Definitions:** Plaintiff Thomas brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) individually and on behalf of Class of similarly situated individuals as follows:

> **Unsolicited Fax Message Class:** All persons and entities to whom: (a) Defendant and/or a third party acting on Defendant's behalf sent one or more faxes; (b) advertising Defendant's services (c) at any time in the period that begins four years before the date of filing this complaint and

7

ends at the date of trial.

30. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

31. **Numerosity**: The exact size of the Class is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant faxed unsolicited advertisements to thousands of individuals and entities who fall into the definition of the Class. Class membership can be easily determined from Defendant's records.

32. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is a member of the Class, and if Defendant violated the TCPA with respect to Plaintiff, then they violated the TCPA with respect to the other members of the Class. Plaintiff and the Class sustained damages as a result of

Defendant's uniform wrongful conduct.

33. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a) How Defendant gathered, compiled, or obtained fax numbers of Plaintiff and the Class;

   b) Whether Defendant's faxes advertised the commercial availability or quality of property, goods, or services;

   c) Whether Defendant sent the fax advertisements without first obtaining prior express permission or invitation from Plaintiff and the Class to do so; and

   d) Whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Defendant's actions.

34. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant have no defenses unique to Plaintiff.

35. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the

members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

36. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Unsolicited Fax Message Class)

37.     Plaintiff incorporates and realleges the prior paragraphs of this complaint as if fully set forth herein.

38.     The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement. . . ." 47 U.S.C. § 227(b)(1)(C).

39.     The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

40.     The faxes sent by Defendant advertised the commercial availability and quality of its goods and services and were commercial in nature. Therefore, Defendant's faxes are advertisements under the TCPA.

41.     Defendant sent the facsimile advertisements at issue to Plaintiff and other members of the Class without their prior express invitation or consent, and despite the lack of an existing business relationship between them and members of the Class.

42.     By sending the unsolicited advertisement faxes at issue to Plaintiff and members of the Class without their prior express invitation or permission,

Defendant violated 47 U.S.C. § 227(b)(1)(C).

43. As a result of Defendant's conduct, Plaintiff and the members of the No Consent Class suffered actual damages, including the conversion or loss of paper and toner consumed in the printing of the faxes, the loss of use of the recipients' fax machines during the time required to receive, review and route the unauthorized faxes, as well as increased labor expenses.

44. Plaintiff and the Class are therefore entitled to a minimum of $500 in damages for each violation under 47 U.S.C. § 227(b)(3)(B). To the extent Defendant's misconduct is determined to be willful, the Court should treble the amount of statutory damages under 47 U.S.C. § 227(b)(3).

45. Additionally, as a result of Defendant's unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A), to ensure that Defendant's violations of the TCPA do not continue into the future.

## PRAYER

WHEREFORE, Plaintiff Kenneth A. Thomas MD, LLC, on behalf of itself and the Class, prays for the following relief:

a. An order certifying the Class as defined above, appointing Kenneth A. Thomas MD, LLC as the representative of the Class, and appointing its counsel as Class Counsel;

b. An order declaring that Defendant's actions, as set out above, violate the TCPA;

c. An order declaring that Defendant's faxes constitute unsolicited advertisements, that they lacked the required opt-out language, and that Defendant sent the faxes without first obtaining prior express invitation or permission of the recipients, and enjoining Defendant from further violations, and otherwise protecting the interests of the Class;

d. An award of statutory damages;

e. An award of pre-judgement interest and costs; and

f. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**KENNETH A. THOMAS MD, LLC**, individually and on behalf of all others similarly situated,

Dated: January 12, 2025

By: /s/ Jason R. J.Campbell

Jason R. J. Campbell, Esq.
Charlestown Law Group
The Schrafft Center Power House
529 Main Street, Suite P200
Charlestown, Massachusetts 02129
(617) 872-8652
jcampbell@charlestownlawgroup.com

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Pro hac vice motion forthcoming

*Attorneys for Plaintiff and the putative Class*